**UNITED STATES**

v.

**Gregory J. BOUVETTE, 502 82 8545, Private (E-1), U.S. Marine Corps.**

**NMCM 93 00987.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 20 Jan. 1993.

Decided 14 Jan. 1994.

LT Gerard Wm. Wittstadt, Jr., JAGC, USNR, Appellate Defense Counsel.

LT J.L. Epperson, JAGC, USNR, Appellate Government Counsel.

Before REED and ORR, Senior Judges, and DeCICCO, J.

DeCICCO, Judge:

Appellant was convicted, in accordance with his pleas, of an unauthorized absence of 13 days terminated by apprehension, and, contrary to his pleas, of two specifications of breaking restriction, in violation of Articles 86 and 134, respectively, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 934. He was sentenced by a military judge sitting as a special court-martial to be confined for 56 days and to receive a bad-conduct discharge. The convening authority approved the sentence.

Before this Court, appellant has raised eight assignments of error.[1] Having considered them, the record of trial and the Government's reply, we find no error prejudicial to the substantial rights of the appellant and affirm. Assignments of Error I and III merit further comment.

As he did at trial, appellant argues before this Court that he could not be convicted of breaking restriction because his period of restriction had expired by the time that al-

1. I. THE GOVERNMENT FAILED TO PROVE APPELLANT GUILTY, BEYOND A REASONABLE DOUBT, OF CHARGE II AND THE SOLE SPECIFICATION THEREUNDER, BECAUSE APPELLANT'S TEMPORARY ADDITIONAL DUTY ORDERS FOR LEVEL II ALCOHOL TREATMENT DID NOT DEFER THE RESTRICTION ORDER.

II. THE GOVERNMENT FAILED TO PROVE APPELLANT GUILTY, BEYOND A REASONABLE DOUBT, OF ADDITIONAL CHARGE II AND THE SOLE SPECIFICATION THEREUNDER, BECAUSE THE DIRECT TESTIMONY OF GUNNERY SERGEANT PERRY WAS THAT HE DID NOT "ORDER" APPELLANT TO HIS ROOM AND TO REMAIN THERE. (CITATION OMITTED.)

III. A SENTENCE WHICH INCLUDES A BAD CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE.

IV. THE COURT–MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

V. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. (CITATION OMITTED.)

VI. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE UNITED STATES CONSTITUTION. (CITATION OMITTED.)

VII. BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE, THIS COURT HAS NO POWER TO REVIEW APPELLANT'S CASE. (CITATION OMITTED.)

VIII. THE INVOLVEMENT OF THE ASSISTANT JUDGE ADVOCATE GENERAL FOR MILITARY JUSTICE AND THE JUDGE ADVOCATE GENERAL OF THE NAVY IN THE PREPARATION OF THIS COURT'S JUDGES' FITNESS REPORTS DEPRIVES THIS COURT OF ITS INDEPENDENCE AND THE APPEARANCE OF INDEPENDENCE. (CITATION OMITTED.)

leged offense occurred. Appellant received restriction for 45 days as nonjudicial punishment on 18 September 1992 and began to serve the restriction the same date. Therefore, his punishment should have expired on 1 November 1992. Pursuant to a request by the appellant, however, his command ordered him to temporary additional duty on 8 October 1992 to attend Level II Drug and Alcohol Abuse Training at a different geographic location for 14 days. His command sent him a letter informing him that the balance of his restriction was being held in abeyance while he attended these classes and would resume upon his return to his command. He was told that the last day of his period of restriction would be 13 November 1992. Prosecution Exhibit 2. Appellant testified that he never received this letter. He attended the course and was not in a restricted status during the treatment period. He returned to his command in San Diego on 23 October 1992 and resumed his status in restriction without objection. Appellant stated at trial that he learned of the extension of his restriction on 26 October 1992. Record at 59. Nevertheless, appellant attended all of his restricted musters between 23 October and 11 November 1992. Prosecution Exhibit 1 at 5.

On the evening of 11 November 1992, appellant left the base and was arrested by civilian authorities for traffic violations. Appellant was returned to his command and was told to stay in his room by the Officer of the Day. However, at about 0300 on 12 November 1992, appellant left again, this time to South Dakota, and remained absent without authority until his apprehension on 25 November 1992.

In ruling that appellant's period of restriction had been extended, the military judge made special findings. Record at 72–74. The military judge found that the appellant was placed on 45 days restriction on 18 September 1992; that he requested to attend Level II alcohol treatment as soon as possible and his commanding officer ordered him to do so; that while undergoing this treatment, appellant was not restricted even though facilities were available at which he

could have continued to serve his restriction; that the appellant's request to attend the treatment should be treated as a request for deferment of his restriction; that section 0113b of the Manual of the Judge Advocate General[2] (JAGMAN) is not viewed as an exhaustive list of when execution of restriction imposed as nonjudicial punishment may be deferred or stayed; and, that when an accused requests action and that action is taken and the accused benefits from it, barring some showing of overreaching by the Government, the accused should not be allowed to object.

Neither the Manual for Courts–Martial, United States, 1984, (MCM) nor the JAGMAN contains a specific provision regarding the deferment of restriction to be served as a result of punishment under Article 15, UCMJ. Paragraph 5g of Part V, MCM, states: *"Effective date and execution of punishments.* Reduction and forfeiture of pay, if unsuspended, take effect on the date the commander imposes the punishments. Other punishments, if unsuspended, will take effect and be carried into execution as prescribed by the Secretary concerned." The JAGMAN contains the Secretary of the Navy's regulations implementing the MCM. Section 0113b provides, in pertinent part:

b. *Punishments involving restraint and extra duties*

(1) *Generally.* The punishments of arrest in quarters, correctional custody, confinement on bread and water or diminished rations, extra duties, and restriction, if unsuspended, take effect when imposed and are executed when served....

. . . .

(3) *Deferment of execution.* Commanding officers and officers in charge may, when adequate facilities are not available or when the exigencies of the service require, defer execution of correctional custody or confinement on bread and water or diminished rations, for a reasonable period of time, not to exceed 15 days, after imposition....

Appellant argues that because restriction is not mentioned in JAGMAN § 0113b(3), his

---

**2.** JAG Instruction 5800.7C.

command was without authority to defer his restriction at all, and, that without this deferment, his period of restriction terminated prior to the time he left the base on 11 and 12 November 1992. The Government argues to the contrary: first, that JAGMAN § 0113b(3) is not an exhaustive list of punishments that can be deferred but only addresses situations where there is a total loss of the liberty interest; and, second, that specific guidance exists in this area because the total loss of liberty is so onerous that any deferment of it should be properly documented to prevent abuse and error. The Government concludes that there is no similar interest for restriction because it is a less severe form of restraint and appellant's command should be able to defer his restriction for appropriate administrative purposes.

■ Neither side has cited any case law on point, and we have found none. However, we conclude that appellant's period of restriction was properly deferred under the facts of this case. We note that an accused is entitled to request a deferment of confinement under Rule for Courts–Martial 1101(c). In this case, while appellant was not serving confinement and did not specifically request deferment of his restriction, he did request that he be permitted to attend Level II rehabilitation as soon as possible, which turned out to be scheduled during the period of his restriction. He was not placed in restriction during his treatment. Also, given the rule in JAGMAN § 0113b(1) that restriction takes effect when imposed and is executed when served, appellant's command was within its authority to interrupt his period of restriction for an administrative purpose requested by appellant for his own benefit and which was not unfair or unreasonable to him.[3] Finally, the period of deferment was not unreasonable and was within the guideline for more severe forms of restraint contained in JAGMAN § 0113b(3). We conclude under these circumstances that the appellant's command could interrupt the service of the nonjudicial punishment of restriction to accomplish a purpose requested by

appellant and defer execution of the remaining period of the punishment until the appellant's return 2 weeks later. We therefore find this assignment of error to be without merit. .

■ Appellant also argues that a sentence that includes a bad-conduct discharge is inappropriately severe. He was convicted of a 13–day unauthorized absence and two specifications of breaking restriction, the second being found by the military judge to be multiplicious for sentencing with the unauthorized absence. A bad-conduct discharge was not authorized for any of the offenses alone, but was lawful under Rule for Courts–Martial 1003(d)(3). In his sworn statement during the sentencing portion of the trial, appellant explained his family and alcohol problems and stated that, while he did not want to remain in the U.S. Marine Corps, he did not want a bad-conduct discharge. Record at 87–92.

Appellant's prior record was dismal. In just 14 months of service, he received nonjudicial punishment on three occasions for assault, use of marijuana, and breaking restriction. At this court-martial, even though his absence was not overly lengthy, it was terminated by apprehension. We therefore find appellant's sentence, including the bad-conduct discharge, to be appropriate.

The remaining assignments of error also lack merit. *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *United States v. Graf,* 35 M.J. 450 (C.M.A. 1992); *United States v. Mitchell,* 37 M.J. 903 (N.M.C.M.R.1993) (en banc).

Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judges REED and ORR concur.

---

**3.** We have noted that section 3–21b of Army Regulation 27–10 authorizes commanders to delay execution of any unsuspended Article 15,

UCMJ punishment for administrative reasons for up to 30 days.